United States District Court
Southern District of Texas
**ENTERED**
July 21, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MAHENDRASHINGH R.,[1] | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-293 |
| | § | |
| WARDEN OF THE PORT ISABEL | § | |
| DETENTION CENTER | § | |
| Respondents. | § | |

**REPORT AND RECOMMENDATION**
**TO DISMISS PETITIONER'S HABEAS PETITION**

The filing of a civil action in federal court usually requires the payment of a statutory filing fee and any applicable administrative fees. 28 U.S.C. §1914(a). On April 6, 2026, this Court ordered the Petitioner to pay the filing fee of $5.00 for habeas corpus actions or file an application to proceed *in forma pauperis*, without prepayment of fees, by no later than April 26, 2026. In said order, the Court warned the Petitioner that failure to comply may result in this Court's recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

No payment nor motion to proceed in forma pauperis has been received. Furthermore, it appears Petitioner may no longer be in the facility from which he originally filed his case. See Dkt. Nos. 8, 9, 10, 14, 15, 16. Petitioner has not appraised this Court of any change of address, of which he is required, to which direct his legal filings. Accordingly, it is recommended that the Court (1) **DISMISS** without prejudice Plaintiff's action for failure to comply with a court order pursuant to Rule of Civil Procedure 41(b); and (2) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on July 21, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge